UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALJYROSS LAURE SMITH | CIVIL ACTION |
| VERSUS | NO. 21-1752 |
| LAFOURCHE PARISH, ET AL. | SECTION "M" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Aljyross Laure Smith filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. BACKGROUND

Smith is a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana. ECF No. 1, at ¶ III(A), at 3. He filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983 and above the caption added "Writ of Habeas Corpus" and "Writ of Mandamus." Plaintiff filed an Amended Complaint less than 21 days after filing the initial Complaint. ECF No. 6. In his Complaint, as amended, plaintiff names as Lafourche Parish, Thibodeaux police officer Simon Braud, Sheriff Craig Webre, the State of Louisiana, Officer J. Guidry, and Detective Foret as defendants. ECF No. 1, ¶III(B), (C), at 4; ECF No. 6, at 1-2.

### A. Factual Allegations in the Complaints (ECF Nos. 1 & 6)

Smith alleges that he was arrested by the Thibodaux Police Department on September 16, 2020, on a charge of third degree rape. ECF No. 1, at ¶IV, at 4. He claims that he was interrogated

by police officers while shackled to a chair, not read his *Miranda* warnings, and intimidated by the detectives' tactics. *Id*. He complains that he is still being held on a $100,000 bond without sufficient evidence to support the charge against him. *Id*. at 5. He also alleges that the police seized phones and the victim's diary without warrants, and they questioned the 16-year-old victim without parental consent. *Id*. at 4-5. He contends that the victim was arrested for unknown reasons on September 17, 2020, and held with a $25,000 bond. *Id*. at 5. He believes that she was coerced by police to make-up and press charges against him. *Id*.

Through an Amended Complaint, Smith adds a new claim that the Lafourche Parish prison facility lacks a law library. ECF No. 6, at 2-3. Specifically, he contends that the facility lacks a law library to help him file his pleadings "under the right, lawful way" and notes that another inmate has a lawsuit pending in this court about the lack of a law library at the Lafourche Parish prison facility.[1] *Id*. at 2-3.

As relief, Smith seeks his release from jail. He also requests reimbursement of costs and financial compensation in the amount of $1 million for false arrest, slander, intimidation of a witness, excessive force, intentional infliction of emotional harm, violation of his Fourth Amendment rights, and defamation of character because the arrest was publicized. *Id*. at ¶V, at 6.

## II. LEGAL STANDARDS

### A. Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[2] A

---

[1] Smith refers to Guillotte's case under Civ. Action 21-1422"F"(5). Guillotte did not include claims regarding a law library. Instead, Guillotte included claims that he was denied access to the law library at LPCC in Civ. Action 21-1775 B (2).

[2] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).

claim is frivolous if it "lacks an arguable basis in law or fact."[3] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[5] A court may not dismiss a claim simply because the facts are "unlikely."[6]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[7] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[8] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[9]

---

[3] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[4] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[5] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[6] *Id.*

[7] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[8] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[9] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[10] Thus, the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[11]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[12] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[13] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[14]

**B. Required Elements of a § 1983 Claim**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[15]

---

[10] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[11] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[12] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[13] *Id.*

[14] *Id.*

[15] 42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[16]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[17]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[18] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[19] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[20]

**C. Statutorily Mandated Review: Maliciousness**

Pursuant to § 1915(e) and § 1915A, a court also may dismiss a prisoner's complaint as malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [prisoner]."[21] Thus, a duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[22]

---

[16] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[17] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[18] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[19] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[21] *Wilson v. Lynaugh*, 878 F. 2d 846, 850 (5th Cir. 1989).
[22] *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988)).

The Fifth Circuit has long held that filing a successive civil action that duplicates claims in a previous lawsuit qualifies as malicious under the screening statute.[23] That the prior cases may have involved different defendants does not affect the maliciousness of a successive action.[24] Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered a malicious.[25] Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another *pending* federal lawsuit by the same plaintiff."[26] District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."[27]

## III. ANALYSIS

### A. Smith's Complaint is Malicious

Smith indicates in his complaint that he previously filed a suit in this Court under Civil Action No. 21-947"J"(5) against a judge, district attorney, and city police which was dismissed with prejudice. ECF No. 1, at ¶I(C), at 2. In that case, Smith alleged that he was wrongfully arrested and being held in custody based upon insufficient evidence. He claimed that the charges against him were being poorly investigated, he was wrongfully denied a bond reduction, and his constitutional right to the presumption of innocence was being abridged.[28] Smith requested that he receive financial compensation and release from jail in that case.[29]

---

[23] *See Bailey*, 846 F. 2d at 1021.
[24] *See id*.
[25] *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009).
[26] *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (emphasis added) (internal quotation marks omitted); *see Lewis*, 508 F. App'x at 344; *Bailey*, 846 F. 2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").
[27] *Bailey*, 846 F. 2d at 1021.
[28] Civ. Action 21-947"J"(5), ECF No. 4-1, at ¶IV, at 4-5; *id*., ECF No. 7, at 2 (Report and Recommendation).
[29] *Id*., ECF No. 1, at ¶V, at 6.

In his statutory frivolousness review, Magistrate Judge North resolved that Smith's claims challenged the fact and duration of his custody.[30] As such, his claim initially had to be pursued through habeas corpus proceedings after exhausting available state court review, which Smith had not done.[31] Further, the court found that Smith failed to name a defendant against whom he could seek monetary relief under § 1983, finding that the city police department was not a juridical entity and the district attorney and state court judge enjoyed absolute immunity from suit.[32] The District Judge adopted the Magistrate Judge's findings and recommendations as to the habeas related claims and statutory review under § 1915(e) and § 1915A, and Smith's complaint was dismissed on these grounds by Order and Judgment issued July 8, 2021.[33]

While Smith has named different defendants, his complaint is no less repetitive and therefore malicious, as he asserts the same or similar claims as those asserted in his prior complaint. His current complaint involves "the same series of events" and allegations of "many of the same facts" that were addressed in his prior complaint.[34] His claims are still based on habeas corpus grounds, challenging the fact and duration of his current confinement and seeking release from jail, as well as monetary damages for claims that directly relate to his criminal proceedings. These claims are not appropriately brought before the court in this § 1983 civil rights complaint, which therefore should be dismissed with prejudice as malicious under 28 U.S.C. § 1915 and § 1915A.

**B. Smith's Complaint MayAlso Be Dismissed in Part as Frivolous and Stayed in Part as Premature**

In the alternative, the court may consider that Smith's complaint for monetary damages is frivolous against some defendants and premature against other defendants.

---

[30] *Id*., ECF No. 7, at 2.
[31] *Id*. at 2-3.
[32] *Id*. at 3-4.
[33] *Id*., ECF Nos. 10, 11; *see Smith v. Thibodeaux Pol. Dept.*, No. 21-947, 2021 WL 2853108, at *1 (E.D. La. Jul. 8, 2021).
[34] *Bailey*, 846 F. 2d at 1021.

**1. *Heck* Doctrine**

When a petitioner like Smith seeks relief under § 1983 for habeas-related claims challenging detention,[35] the claims are subject to the bar announced by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[36] "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[37] Therefore, *Heck* applies to a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief.[38]

For pretrial detainees like Smith, the Supreme Court has further explained that, if a plaintiff files civil rights claims related to the validity of a pending criminal proceeding, the best practice

[35] The Fifth Circuit has made clear that, "regardless of the relief sought," claims are habeas in nature when success on those claims would "necessarily imply the unlawfulness" of a petitioner's detention. *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018). To the extent the claims challenge "the fact or duration of confinement," the claims "would be properly brought in habeas petitions," not in a § 1983 complaint. *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").

[36] *Heck*, 512 U.S. at 487.

[37] (emphasis in original) *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

[38] *See Edwards v. Balisok*, 520 U.S. at 648 (extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging prison disciplinary sentence); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing the *Heck* bar to "any injunctive relief" tied to petitioner's habeas claim brought under § 1983); *Ellis v. City of Dallas*, No. 17-3199, 2018 WL 5303299, at *2 (N.D. Tex. Sept. 21, 2018), *report and recommendation adopted*, 2018 WL 5299575, at *1 (N.D. Tex. Oct. 25, 2018) ("*Heck* applies to claims seeking declaratory and injunctive relief, as well as claims for damages.").

is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[39] The court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[40]

Smith has named a three police officers, Office Braud, Officer Guidry, and Detective Foret, in connection with his claims for false arrest, slander, intimidation of a witness, excessive force, intentional infliction of emotional harm, violation of his Fourth Amendment rights, and defamation, all of which relate to his claims for violation of his Fourth Amendment rights, insufficient evidence to support the charges, and inappropriate police tactics during his interview and the investigation of charges against him. The claims against those officers necessarily relate to the propriety of his ongoing criminal proceeding. As a result, the claims against them are subject to the *Heck* doctrine and should be stayed pursuant to *Wallace* until resolution of Smith's underlying criminal proceeding. Only at that time will the court be able to assess the application of the *Heck* bar.

**2. The State of Louisiana and Eleventh Amendment Immunity**

Even when faced with a *Heck* bar, the Fifth Circuit requires a court to address dismissal of immune and improper defendants before considering application of the *Heck* doctrine or a related

[39] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to be the best practice).
[40] *Wallace*, 549 U.S. at 393-94 (citations omitted).

stay under *Wallace*.[41] In this case, Smith has also named Lafourche Parish, Sheriff Webre, and the State of Louisiana as defendants for alleged "overseer" responsibilities.

Although naming the State of Louisiana as a defendant as "overseer of state operations," Smith does not explain how the State of Louisiana was involved in his arrest by officers from the Thibodaux Police Department. ECF No. 6, ¶2, at 1. Regardless, the State and its agencies enjoy Eleventh Amendment immunity from suit for monetary damages.[42]

Under the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."[43] "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[44] The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La. Rev. Stat. Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.[45]

---

[41] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

[42] *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185–86 (5th Cir. 1986).

[43] *Rodriguez v. Tex. Commn. on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI).

[44] *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71, (1989)).

[45] *Cozzo v. Tangipahoa Parish Council-President Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Parish Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

While a State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has by statute declined to do so.[46]

For these reasons, the Court is without jurisdiction to hear Smith's claims for monetary relief against the State of Louisiana.[47] Accordingly, Smith's claim against the State of Louisiana should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the court lacks jurisdiction and his claim seek relief against an immune defendant.

**3. No Allegations Asserted Against Lafourche Parish and Sheriff Webre**

To state a claim under § 1983, a plaintiff must allege among other things that the particular defendant deprived him of a right secured by the U.S. Constitution or federal law.[48] The plaintiff must allege specific facts giving rise to the constitutional claims.[49] In this case, Smith has failed to state a cognizable claim against Lafourche Parish or Sheriff Webre.

Lafourche Parish is a local governing body considered to be a "person" within the meaning of § 1983.[50] However, a Parish may be held liable under § 1983 only where the execution of an unconstitutional parish policy or custom proximately causes a plaintiff's injuries.[51] "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity.'"[52] Instead, a plaintiff ". . . must identify the policy or custom which allegedly caused the deprivation of his constitutional rights."[53]

---

[46] *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).
[47] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).
[48] *Victoria W.*, 369 F. 3d at 482 (citation omitted).
[49] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).
[50] *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978).
[51] *Id.*; *Carter v. Strain*, No. 09-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009) (quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007)).
[52] *Carter*, 2009 WL 3231826, at *2 (quoting *Colle v. Brazos County, Tex.*, 982 F.2d 237, 245 (5th Cir. 1993))
[53] *Id*. at *2 (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003), *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

As for Sheriff Webre, an individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[54] Without an allegation of personal involvement, a supervisory official, like a sheriff, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[55] A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983.[56]

In this case, Smith has included no allegations about Lafourche Parish or Sheriff Webre or indicated how either the Parish or the Parish Sheriff were involved in his arrest by Thibodaux city police. Smith does not identify a Lafourche Parish policy or indicate that any such policy or custom deprived him of a constitutional right. Similarly, he has not alleged any action by Sheriff Webre related to his arrest nor identified any order or directive by Sheriff Webre which led to violation of a constitutional right. Instead, Smith merely lists the Parish and Sheriff Webre as defendants without providing any reason or factual basis for having done so. A plaintiff fails to state a claim under § 1983 when, as here, he has merely listed defendants but made no factual allegations against them.[57]

---

[54] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

[55] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver*, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[56] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

[57] *See Ethridge v. Tanner*, No. 19-295, 2019 WL 5072089, at *9 (E.D. La. Sep. 19, 1999), *report and recommendation adopted*, 2019 WL 5067129, at *1 (E.D. La. Oct. 8, 2019) (citing *Hall v. Peck*, No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 788354, at *1 (E.D. La. Feb. 23, 2017); *Reavis v. St. of Louisiana*, No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. Jun. 8, 2016), *report and recommendation adopted*, 2016 WL 3524139, at *1 (E.D. La. Jun. 28, 2016); *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014).

For these reasons, Smith has failed to allege a non-frivolous claim against Lafourche Parish or Sheriff Webre. His complaint as it relates to these listed defendants should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

**4. Access to a Law Library**

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally-trained personnel.[58] However, the Supreme Court in *Bounds* did *not* establish that prisoners have a specific right to a law library.[59] The Court held that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"[60] In addition, "while the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."[61] The Court required only that prisons have some program through which the inmates were provided with the ability to file claims in court.[62]

Under established precedent, a prisoner's law library access is not without limits. The Supreme Court's decision in *Lewis* makes clear that *Bounds* did not open the door for a flood-gate of litigation assistance:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the

---

[58] *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 F. App'x 389, 390 (5th Cir. 2009); *Sandoval v. Johns*, 264 F. 3d 1142, 2001 WL 822779, at *1 (5th Cir. 2001); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F. 3d 768-69 (5th Cir. 1996).
[59] *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).
[60] *Id*. at 351 (quoting *Bounds*, 430 U.S. at 825); *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011).
[61] *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) (quotation omitted) (emphasis added); accord *Manning v. Sumlin*, 540 F. App'x 462, 463 (5th Cir. 2011) (citing *Lewis*, 518 U.S. at 349-50); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)); *Cochran v. Baldwin*, 196 F. App'x 256, 257-58 (5th Cir. 2006) (citing *Lewis*, 518 U.S. at 350-51); *Eason v. Thaler*, 73 F. 3d 1322, 1328 (5th Cir. 1996).
[62] *Lewis*, 518 U.S. at 352-53.

> inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.[63]

The Court also did not mandate "that the State must enable the prisoner to discover grievances and to litigate effectively once in court."[64] Instead, the Court required only some program through which the inmates were provided with the ability to file claims in court.[65]

To the extent Smith seeks use of the law library in connection with his underlying criminal proceedings in which he is represented by counsel, the federal courts have held that a prison need not provide assistance to an inmate represented by counsel in a criminal proceeding.[66] Further, in *Lewis*, the Supreme Court explained that the inmate must establish actual injury to state a claim for denial of his right of access to the courts.[67] In other words, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."[68] To show this type of actual-injury, the Court stated:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to even file a complaint.[69]

In this case, Smith has alleged no such injury resulting from the alleged unavailability of a law library at LPCC. Smith was able to file a complaint in this case, and two prior cases since

---

[63] *Id*. at 355; *Jones*, 188 F. 3d at 325 (observing that right of access to the court "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"); *Johnson v. Rodriguez*, 110 F. 3d 299, 311 (5th Cir. 1997) (holding that secondary legal activity not protected by constitution).
[64] *Lewis*, 518 U.S. at 354.
[65] *Id*. at 352-53.
[66] *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998); *Schrier v. Halford*, 60 F.3d 1309, 1313-14 (8th Cir. 1995); *Mackin v. Carpenter*, 988 F.2d 1212, 1993 WL 82306, at *3 (5th Cir. 1993); *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986); *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985).
[67] *Lewis*, 518 U.S. at 349-50.
[68] *Id*. at 351.
[69] *Id*.

May of 2021,[70] while housed in the LPCC in sufficient form and manner to get his claims before the court. He also has since filed an amended complaint in which he identified additional defendants and this claim regarding the law library access. He has not alleged an inability to access a state or federal court or attempt to file any pleading that was hindered by a lack of access to a law library at the LPCC.

Smith's claim for denial of access to a law library should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted.

**5. Summary**

Smith's claims are duplicative of those asserted in Civil Action No. 21-947"J"(5) and thus malicious under 28 U.S.C. § 1915 and § 1915A. Even if the Court were to overlook the malicious nature of Smith's complaint, his claims are habeas in nature and inappropriately brought in this § 1983 civil rights complaint before the criminal charges against him can be resolved in the state courts. Therefore, his claims for monetary relief related to his habeas grounds as asserted against Officer Simon Braud, Officer J. Guidry, and Detective Foret should be stayed pursuant to *Wallace* until such time as the *Heck* factors can be determined. Notwithstanding the *Heck* bar, Smith's claims against the State of Louisiana should be dismissed with prejudice as frivolous based on Eleventh Amendment immunity. His claims against Lafourche Parish and Sheriff Webre should also be dismissed with prejudice, including his claims of supervisory liability and denial of access to a law library, because he fails to state a non-frivolous claim against either defendant. Finally, Plaintiff fails to identify how any alleged inadequacy in the prison library has injured him.

---

[70] *See* Civ. Action 21-0947"J"(5) and Civ. Action 21-1714"I"(5).

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Aljyross Laure Smith's § 1983 complaint against the defendants Lafourche Parish, Officer Simon Braud, Sheriff Craig Webre, State of Louisiana, Officer J. Guidry, and Detective Foret be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A as malicious.

**ALTERNATIVELY**, it is **RECOMMENDED** that Smith's § 1983 complaint against the defendants State of Louisiana, Lafourche Parish, and Sheriff Craig Webre be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and as to the State of Louisiana, for being asserted against an immune defendant.

It is further **RECOMMENDED** that Smith's claims challenging his arrest, the propriety of the criminal charges against him, and violation of his Fourth Amendment rights during the interrogation and investigation of the charges as urged against Officer Simon Braud, Officer J. Guidry, and Detective Foret, be **STAYED** and the remainder of the case administratively closed for statistical purposes. The plaintiff should be ordered to notify the Court when he is convicted, and pursuant to *Wallace*,[71] if the stayed case would impugn that conviction, *Heck* will require dismissal of the action or the civil action can proceed absent some other bar to suit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[71] *Wallace*, 549 U.S. at 393-94 (citations omitted).

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[72]

New Orleans, Louisiana, this 9th day of December, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[72]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.